# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KAREN MCDOWALL ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| LAW OFFICES OF CHARLES J. VOGT ) | |
| AND CHARLES J. VOGT ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the North Carolina Debt Collection Practices Act ("NCDCPA") and the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Karen McDowall ("Plaintiff"), is a natural person who at

1

all relevant times resided in the State of North Carolina, County of Stanly, and City of Stanfield.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Law Offices of Charles J. Vogt ("LOCJV") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, Charles J. Vogt ("Vogt") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v.*

*Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10. Law Offices of Charles J. Vogt and Charles J. Vogt ('Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. In connection with the collection of an alleged debt, Defendant sent written correspondence to Plaintiff dated January 20, 2011, in which Defendant

3

stated as follows:

> This Letter is an attempt to collect a debt and any information obtained will be used for this purpose. Unless you dispute the validity of this debt or any portion thereof, this debt will be assumed to be valid.
> If you notify this office in writing within the next thirty (30) days that this debt or any portion thereof is disputed, then this law firm will obtain verification of this debt and mail it to you.

15. In said statement, Defendant failed to notify Plaintiff that Plaintiff was entitled to dispute the debt or a portion thereof within thirty (30) days of Plaintiff's receipt of the correspondence, failed to meaningfully convey that Plaintiff would be entitled to validation if the debt or portion thereof was disputed in writing within thirty (30) days of Plaintiff's receipt of the correspondence, and failed to include the notice required pursuant to 15 U.S.C. § 1692g(a)(5) in their entirety.

16. Furthermore, Defendant misrepresented that Plaintiff would be entitled to dispute the debt and demand validation of said debt, as Defendant had purportedly sent prior correspondence, and as such, the initial thirty (30) day dispute period had begun to run prior to Plaintiff's receipt of said letter, amounting to a misrepresentation of the notices required pursuant to 15 U.S.C. § 1692g(a) et seq., and a failure to both provide, and meaningfully convey, to Plaintiff the same. (15 U.S.C. § 1692e(10), 1692g(a) et seq.).

17. In connection with the collection of an alleged debt, Defendant sent written correspondence to Plaintiff dated January 20, 2011, in which Defendant stated, above the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., as follows:

4

> Unfortunately, I am told that you failed to work out any satisfactory arrangements with Isabel. Now the Villas at Tree Tops and Fairway have asked our law firm to advise on the next steps which they can take to recover the full amount and we have advised them that **these next steps include the preparation of a Complaint for the <u>recovery of all money due</u> on the account plus cost of suit, <u>not just the past due balances</u>** as well as a variety of other remedies at law. The Complaint, if filed, will be filed here in Monroe County and will require you to answer to the Court and defend the lawsuit at your cost in Court.

18. Said correspondence thus threatened litigation, the imposition of attorneys fees and costs, and "a variety of other of other remedies at law," while also purporting to provide Plaintiff the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and as such, overshadowed and obscured said disclosures. (15 U.S.C. §§ 1692e(10), 1692g(b); N.C. Gen. Stat. §§ 75-54, 75-54(6)).

19. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## DEFENDANT LOCJV

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

5

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT VOGT

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

# COUNT III
# DEFENDANT LOCJV

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated N.C. Gen. Stat. § 75-54(4) as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

- m) Adjudging that Defendant violated N.C. Gen. Stat. § 75-54(4);
- n) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);
- o) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);
- p) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;
- q) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
- r) Awarding such other and further relief as the Court may deem just and proper.

# COUNT IV
# DEFENDANT VOGT

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated N.C. Gen. Stat. § 75-54(4) as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

s)  Adjudging that Defendant violated N.C. Gen. Stat. § 75-54(4);

t)  Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

u)  Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

v)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

w)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## DEFENDANT LOCJV

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. A violation of the North Carolina Debt Collection Practices Act is an unfair and deceptive practice proscribed by the North Carolina Unfair and Deceptive Trade Practices Act, pursuant to N.C. Gen. Stat. § 58-70-130(c).

30. Defendant violated of N.C. Gen. Stat. § 58-70-110(4).

31. Defendant willfully engaged in its violation of the North Carolina Unfair and Deceptive Trade Practices Act.

32. Defendant unwarrantedly refused to resolve this matter, which arises, at least in part, from Defendant's violation of the North Carolina Unfair and

8

Deceptive Trade Practices Act.

33. Plaintiff suffered actual damages as a result of Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110(4).

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## DEFENDANT VOGT

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. A violation of the North Carolina Debt Collection Practices Act is an unfair and deceptive practice proscribed by the North Carolina Unfair and Deceptive Trade Practices Act, pursuant to N.C. Gen. Stat. § 58-70-130(c).

9

36. Defendant violated of N.C. Gen. Stat. § 58-70-110(4).

37. Defendant willfully engaged in its violation of the North Carolina Unfair and Deceptive Trade Practices Act.

38. Defendant unwarrantedly refused to resolve this matter, which arises, at least in part, from Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

39. Plaintiff suffered actual damages as a result of Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110(4).

h) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

i) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 58-70-130(b);

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 13th day of July, 2011.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
*Weisberg & Meyers, LLC*
5025 N. Central Ave. #602
Phoenix, AZ 85012